Daniel, Judge,
 

 after stating the facts as above set forth, proceeded. — There has been a great deal of testimony taken in this cause. We have examined it, and are satisfied, that the judgment in favour of the plaintiff, against Stephen Clements, as mentioned in the bill, was truly the property of the plaintiff; and that it had been placed in the hands of John J. Carrington, as agent of the plaintiff, to be sent to the state of Tennessee for collection. The defendant, by his admissions, had sufficient evidence before him, to put him upon inquiry, if he had in fact advanced or paid at the time a valuable consideration for the judgment. But we are of the opinion, that he does not come within the principles of the rule, as he in fact was nothing out of pocket by the assignment, so far as relates to this judgment. The inducement for the assignment was old debts due by Carrington to him, and already incurred liabilities; but no acquittance was given for the same to Carrington. There was no present loss to the defendant in consequence of the assignment. The defendant admits that he received the judgment or notes which were given for it. The evidence proves, that he was compelled to receive this debt and others in horses, and as a just loss on the claims. We are of the opinion, (as Carrington is
 
 *457
 
 insolvent,) that the plaintiff is entitled to a decree for an account of so much of the judgment, as the defendant has actually received. It is therefore referred to the master of the Court of Equity for the county of Orange, as a commissioner, to state and report what sum in cash value the defendant Horner has received on the said judgment, allowing him reasonable commissions for his trouble in collecting that sum.
 

 Per Curiam. Decree accordingly.